UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREG HOWARD and NICOLE HOWARD, a marital community, ISAAC CHRISTIAN THOMASON, an individual, and on behalf of all the members of the class of persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSAL FIDELITY, LP,<br><br>Defendants. | CASE NO.<br><br>CLASS ACTION COMPLAINT |

Plaintiffs, GREG HOWARD and NICOLE HOWARD, a marital community, ISAAC CHRISTIAN THOMASON, an individual, and on behalf of all members of the class of persons similarly situated and for cause of action against Defendant UNIVERSAL FIDELITY, LP, a Texas corporation, allege as follows:

### I.   PARTIES

1.1   Plaintiffs GREG HOWARD and NICOLE HOWARD are residents of Seattle, Washington, in King County. The Howards are former customers of Hollywood Video and have been contacted by Universal Fidelity, LP for the purpose of collecting

CLASS ACTION COMPLAINT- 1

on a debt.

1.2   Plaintiff ISACC CHRISTIAN THOMASON is a resident of Seattle, Washington, in King County.  Mr. Thomason is a former customer of Hollywood Video and has been contacted by Universal Fidelity, LP for the purpose of collecting on a debt.

1.3   UNIVERSAL FIDELITY, LP is a debt collector that uses instrumentalities of state commerce and the mails for the purpose of collecting or attempting to collect debts owed or due or asserted to be owed or due to Hollywood Video and/or its Successor-in-Interest, Movie Gallery, Inc.

1.4   Universal Fidelity is providing debt collection services throughout the United States, including, but not limited to, the Western District of Washington, pursuant to an agreement with Hollywood Video and/or its Successor-in-Interest, Movie Gallery, Inc., and/or First Lien Term Lenders Liquidating Trust.

## II.   JURISDICTION AND VENUE

2.1   Original jurisdiction over this matter is conferred on this Court by 28 U.S.C. § 1331.

2.2   Venue lies in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(2)

## III.   PLAINTIFF'S ALLEGATIONS

3.1   Hollywood Video and/or its Successor-in-Interest Movie Gallery, Inc., was a nationwide retailer whose principal business was renting movies and video games.

3.2   Hollywood Video and/or its Successor-in-Interest Movie Gallery, Inc., filed for bankruptcy in or around 2009 and entered into a liquidation plan with First Lien Term Lenders Liquidating Trust that was approved by the U.S. Bankruptcy Court for the Eastern District of Virginia in or around October 28, 2010.

3.3   Plaintiffs are former customers of Hollywood Video that regularly rented movies and video games from Hollywood Video.

3.4   Plaintiffs paid Hollywood Video a fixed sum in exchange for the right to

1   rent movies and video games for a limited rental period of fixed duration.

2   3.5   Plaintiffs were expected to return movies and video games to Hollywood
3   Video at the conclusion of the rental period.

4   3.6   In or around 2009, Plaintiffs attempted to return movies and video games
5   to Hollywood Video at or around the conclusion of the rental period but discovered that
6   the Hollywood Video location from which the movies and/or video games were rented
7   had abruptly ceased business operations and permanently closed.

8   3.7   Plaintiffs received no notification that Hollywood Video intended to cease
9   business operations.

10  3.8   Plaintiffs were not provided instructions or any other opportunity to return
11  movies and/or video games that had been rented from Hollywood Video.

12  3.9   At no fault of their own, Plaintiffs were unable to return movies and video
13  games to Hollywood Video.

14  3.10   In or around 2012, Universal Fidelity began contacting Plaintiffs and
15  demanded payment of the full value of previously rented movies and/or video games.

16  3.11   In its communications with Plaintiffs, Universal Fidelity provided Plaintiffs
17  with no proof establishing the validity of the debt.

18  3.12   In its communications with Plaintiffs, Universal Fidelity offered no
19  explanation of the amount allegedly owed.

20  3.13   In its communications with Plaintiffs, Universal Fidelity identified no basis
21  or authority supporting the collection of the amount allegedly owed.

22  3.14   Plaintiffs had no agreement with Hollywood Video which expressly
23  authorized collecting the full value of previously rented movies and/or video games if
24  Hollywood Video determined to abruptly cease business operations.

25  3.15   Plaintiffs did not, and do not currently, have any desire to purchase
26  previously rented movies and/or video games from Hollywood Video.

3.16   Upon information and belief, Universal Fidelity sent debt collection notices to former Hollywood Video customers that had already returned movies and/or video games.

3.17   Upon information and belief, Universal Fidelity sent debt collection notices to former Hollywood Video customers that had purchased movies and/or video games from Hollywood Video before Hollywood Video abruptly ceased business operations.

3.18   Universal Fidelity is using false, deceptive, or misleading representations regarding the character, amount, or legal status of debts which are invalid.

3.19   Universal Fidelity is seeking to collect amounts which are not expressly authorized by the agreement containing the debt or otherwise permitted by law.

## IV.   PLAINTIFF'S CLASS ACTION ALLEGATIONS

4.1   Plaintiffs have been damaged by the wrongful conduct of Universal Fidelity.  Aggregated individual damages are so small as to render individual lawsuits impracticable.

4.2   Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> All current and former customers of Hollywood Video and/or Movie Gallery, Inc., who have been contacted by Universal Fidelity claiming debts owed to Hollywood Video and/or Movie Gallery, Inc.

Plaintiffs are members of the above described class.

4.3   This case is suitable for class adjudication pursuant to Rule 23(b)(2) because Universal Fidelity has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

4.4   This case is suitable for class adjudication pursuant to Rule 23(b)(3) because questions of law and fact common to the members of the class predominate

over any questions affecting only individual members. A class action is superior to all other available methods for the fair and efficient adjudication of the present controversy.

4.5     The following questions are common to all class members:

4.5.1   Does Universal Fidelity's practice constitute false, deceptive, or misleading representations of the character, amount, or legal status of debts under the FDCPA?

4.5.2   Did Universal Fidelity attempt to collect amounts which were not expressly authorized by the agreement containing the debt and were not otherwise permitted by law?

4.5.3   Does Universal Fidelity's practice constitute an unfair or deceptive practice under the Consumer Protection Statutes?

4.5.4   Should the Court enjoin Universal Fidelity from the practices alleged herein?

4.5.5   Should the Court order Universal Fidelity to compensate Plaintiffs for actual damages and costs, including reasonable attorneys' fees under the FDCPA, as a result of Universal Fidelity's debt collection practices?

4.5.6   Should the Court order Universal Fidelity to compensate Plaintiffs for statutory damages under the FDCPA as a result of Universal Fidelity's debt collection practices?

4.5.7   Should the Court order Universal Fidelity to compensate Plaintiffs for actual damages plus treble, exemplary and/or punitive damages up to the maximum amount permitted by law?

4.6     The class of plaintiffs similarly situated is so numerous the joinder of all members is impractical because there are believed to be thousands of members of the Class located across the United States. The exact number of members of the class is

presently unknown to Plaintiff but may be easily determined from records maintained by Defendant.

4.7    Plaintiffs' claims are typical of the claims of the members of the proposed class of all U.S. consumers who are alleged to have outstanding amounts due to Hollywood Video and/or Movie Gallery, Inc., and were contacted by Universal Fidelity regarding an invalid amount due.

4.8    Notice to the class may be accomplished cheaply, efficiently, and in a manner best designed to protect he due process rights of all class members by means of written notices supplied as part of Universal Fidelity's billing procedures for former customers of Hollywood Video and/or Movie Gallery, Inc. and/or in published notice for former customers.

4.9    Plaintiffs can and will fairly and adequately represent and protect the interests of the class, as Plaintiff has no interests that conflict with or are antagonistic to the interests of the class.

4.10   Plaintiffs have retained competent and experienced legal counsel to prosecute their individual claims and those of the class.

## V.    CLAIMS

### COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

5.1    Plaintiff and the members of the Class re-allege each and every allegation contained in Sections I through IV above, and incorporate them herein by reference.

5.2    Universal Fidelity is a "debt collector" under 15 USC § 1692a(6).

5.3    Universal Fidelity is falsely representing the character, amount, or legal status of the debts allegedly owed by former customers of Hollywood Video in violation of 15 USC § 1692e(2).

5.4    Universal Fidelity is using unfair or unconscionable means to collect or attempt to collect any debt allegedly owed by former customers of Hollywood Video that

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

includes the collection of amounts that are not expressly authorized by any agreement creating the debt or otherwise permitted by law in violation of 15 USC § 1692f(1).

5.5     As a direct and proximate result of Universal Fidelity's violation of the Fair Debt Collection Practices Act, Plaintiffs and members of the Class have suffered damages in an amount to be proven at trial.

## COUNT II: VIOLATION OF CONSUMER PROTETION ACTS

5.6     Plaintiff and the members of the Class re-allege each and every allegation contained in Sections I through IV above, and incorporate them herein by reference.

5.7     Plaintiffs bring a claim pursuant to the substantially similar state consumer protection statutes, all of which were designed to protect consumers against unfair, deceptive, and/or fraudulent business practices ("the Consumer Protection Statutes").[1] The Consumer Protection Statutes are modeled after the FTC's consumer protection

---

[1] Ala. Code § 8.19-1 et seq. (Alabama); Alaska Stat. § 45.50.471 et seq. (Alaska); Ariz. Rev. Stat Ann. § 44-1521 et seq. (Arizona); Ark. Code Ann. § 4-88-101 et seq. (Arkansas); Cal. Civ. Code § 1671, Cal. Bus. & Prof. Code § 17200 et seq., Cal. Bus. & Prof. Code §17500 et seq., Cal. Civ. Code § 1750 et seq. (California); Colo. Rev. Stat. § 6-1-105 et seq. (Colorado); Conn. Gen. Stat. § 42-110a (Connecticut); Del. Code Ann. tit. 6, § 2511 et seq. (Delaware); D.C. Code Ann. § 28-3901 et seq. (District of Columbia); Fla. Stat. Ann. § 501.201 et seq. (Florida); Ga. Code Ann. § 10-1-390 et seq. (Georgia); Haw. Rev. Stat. § 481A-1 et seq. and Haw. Rev. Stat. § 480-1 et seq. (Hawaii); Idaho Code § 48-601 et seq. (Idaho); Kan. Stat. Ann. § 50.623 et seq. (Kansas); Ky. Rev. Stat. § 367.11.0 et seq. (Kentucky); La. Rev. Stat. Ann. § 51:1401 et seq. (Louisiana); Me. Rev. Stat. Ann. tit. 5, § 205-A et seq. (Maine); Md. Com. Law Code Ann. § 13-301 et seq. Md. Com. Law Code Ann. § 13-408 et seq. (Maryland); Mass. Gen. L. ch. 93A, § et seq. (Massachusetts); Mich. Stat. Ann. § 445.901 et seq., Mich. Stat. Ann. § 19.418(1) et seq. (Michigan); Minn. Stat. § 325F.68 et seq., Minn. Stat. § 8.31 (Minnesota); Miss. Code Ann. § 75-24-3 et seq. (Mississippi); Mo. Rev. Stat. § 407.010 et seq. (Missouri); Mont. Code Ann. § 30-14-101 et seq. (Montana); Neb. Rev. Stat. § 59-1601 et seq. (Nebraska); Nev. Rev. Stat. § 41.600 and Nev. Rev. Stat. § 598.0903 et seq. (Nevada); N.H. Rev. Stat. Ann. § 358:1 et seq. (New Hampshire); N.J. Rev. Stat. § 56:8-1 et seq., N.J. Rev. Stat. § 56:12-1 et seq. (New Jersey); N.M. Stat. Ann. § 57-12-1 et seq. (New Mexico); N.Y. Gen. Bus. Law § 349 et seq. (New York); N.C. Gen. Stat. § 75-1 et seq. (North Carolina); N.D. Cent. Code § 51-15-01 et seq. (North Dakota); Ohio Rev. Code Ann. § 1345.01 et seq. (Ohio); Okla. Stat. tit. 15, § 751 et seq. (Oklahoma); Ore. Rev. Stat. § 646.605 et seq. (Oregon); Penn. Stat. § 201-1 et seq. (Pennsylvania); R.I. Gen. Laws § 6-13.1:1 et seq. (Rhode Island); S.C. Code Ann. § 39-5-10 et seq. (South Carolina); S.D. Codified Laws Ann. § 37-24-1 et seq. (South Dakota); Tenn. Code Ann. § 47-18-101 et seq. (Tennessee); Tex. Bus. & Comm. Code Ann. § 17.41 et seq. (Texas); Vt. Stat. Ann. tit. 9, § 2451 et seq. (Vermont); Va. Code Ann. § 59.1-196 et seq. (Virginia); Wash. Rev. Code § 19.86.010 et seq. (Washington); W.Va. Code § 46A-6-101 et seq. (West Virginia); and Wyo. Stat. § 40;12-101 et seq. (Wyoming).

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

provisions.

5.8 Universal Fidelity violated the Consumer Protection Statutes by falsely representing the character, amount, or legal status of debts allegedly owed by former customers of Hollywood Video and/or Movie Gallery, Inc. and using unfair or unconscionable means to collect debts that are allegedly owed by former customers of Hollywood Video and/or Movie Gallery, Inc. that include the collection of amounts that are not expressly authorized by any agreement creating the debt or are otherwise authorized by law.

5.9 As a direct and proximate result of Universal Fidelity's violation of the Consumer Protection Statutes, Plaintiffs and the members of the Class have suffered damages in an amount to be proven at the time of trial.

## COUNT III: DECLARATORY JUDGMENT

5.10 Plaintiffs and the members of the class re-allege each and every allegation contained in Sections I through IV above, and incorporate them herein by reference.

5.11 A justiciable substantial controversy exists between Plaintiffs and Universal Fidelity over whether Universal Fidelity may lawfully attempt to collect on debts allegedly owed to Hollywood Video and/or Movie Gallery, Inc.

5.12 Plaintiffs have existing and genuine rights or interests upon which this Court's judgment may effectively operate with the force and effect of a final judgment at law or decree in equity upon the legal relationships of the parties.

5.13 This proceeding is genuinely adversary in character between Plaintiffs and Universal Fidelity.

5.14 A declaration by the Court would terminate the controversy between Plaintiffs and Universal Fidelity.

5.15 The parties need the Court to settle and to afford relief from uncertainty

and insecurity with respect to rights, status and other legal relations among them.

5.16 This substantial controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

5.17 This Court has the power to declare the rights, status and other legal relations between the parties pursuant to 28 USC § 2201.

## VI.   REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, on their behalves, and on behalf of all other members of the Class, respectfully request the following relief from this Court:

6.1 A judgment against Defendant enjoining it from falsely representing the character, amount, or legal status of the debts allegedly owed by customers of Hollywood Video and/or Movie Gallery, Inc.

6.2 A judgment against Defendant enjoining it from using unfair or unconscionable means to collect or attempt to collect any debt allegedly owed by former customers of Hollywood Video and/or Movie Gallery, Inc., that include the attempt to collect amounts which were not expressly authorized by the agreement creating the debt and were not otherwise permitted by law.

6.3 A judgment in favor of Plaintiffs and the putative class against Defendant for actual damages.

6.4 A judgment in favor of Plaintiffs and the putative class against Defendant for additional damages for plaintiffs pursuant to 15 USC § 1692k(a)(2)(B)(i) and for all other class members pursuant to 15 USC § 1692k(a)(2)(B)(ii).

6.5 A judgment in favor of Plaintiffs and the putative class and against Defendant awarding Plaintiffs and the putative class their costs of the action, including reasonable attorneys' fees pursuant to 15 USC § 1692k(a)(3).

6.6 A judgment in favor of Plaintiffs and the putative class and against Defendant awarding Plaintiffs and the Plaintiff class treble, exemplary and/or punitive

damages up to the maximum amount permitted by law, as well as an award of costs, including reasonable attorneys' fees under the Consumer Protection Statutes.

6.7   A judgment in favor of Plaintiffs and the putative class for any additional, further equitable or legal relief, which the Court deems appropriate or just.

DATED: this 8th day of March, 2013.

BRESKIN JOHNSON & TOWNSEND, PLLC

By: s/ Daniel F. Johnson
 Daniel F. Johnson, WSBA # 27848
 Brendan W. Donckers, WSBA # 39406
 1111 Third Avenue, Suite 2230
 Seattle, WA 98101
 (206) 652-8660 Fax (206) 652-8290
 djohnson@bjtlegal.com
 bdonckers@bjtlegal.com
 *Attorneys for Plaintiff*